Jerry **NELSON**, Plaintiff—Appellant,

v.

**GLASS & ASSOCIATES, INC.,** a foreign company; **Clyde A. Hamstreet,** an individual; **Buck Westfall,** an individual; **Wescold, Inc.,** Defendants—Appellees.

No. 04–35272.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2005.

Decided July 26, 2005.

Shelley D. Russell, Esq., Craig A. Crispin, Esq., Patty Rissberger, Esq., Crispin & Associates, Portland, OR, for Plaintiff–Appellant.

Paul C. Buchanan, Esq., Kurt E. Barker, Esq., Courtney W. Angeli, Stoel Rives, LLP, David Aman, Tonkon Torp, LLP, Portland, OR, for Defendants–Appellees.

Before RYMER and TASHIMA, Circuit Judges, and WEINER,* District Judge.

MEMORANDUM **

Plaintiff–Appellant Jerry Nelson ("Nelson") appeals the district court's grant of summary judgment in favor of Defendants–Appellees Glass & Associates, Inc. ("Glass"), and its employee Clyde Hamstreet ("Hamstreet"). Nelson, the former general manager of Wescold, Inc. ("Wescold"), sued Glass and Hamstreet (together "Defendants") for tortious interference with economic relations. He alleged that Defendants improperly informed Wescold's Board of Directors that he was refusing to cooperate with the Board. The district court found that Nelson had not raised an issue of fact as to the Defendants' use of improper means or acting with improper motives.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm the district court.

We review a grant of summary judgment de novo. *Leonel v. Am. Airlines, Inc.*, 400 F.3d 702, 708 (9th Cir.2005). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact. *Id.*

The district court properly determined that there was no genuine issue of material fact as to whether Hamstreet used improper means in conveying information to Wescold's Board. Hamstreet told Mark Youngren that he did not think Nelson was cooperating with the Board's directions.

* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts of this case, we recite them only as necessary to aid in the understanding of this disposition.

**560**

Hamstreet could fairly have drawn this conclusion from Nelson's actions. Youngren's testimony confirmed that Hamstreet simply stated that Nelson was apprehensive in cooperating with Glass. There was no evidence that Hamstreet communicated to Youngren his thoughts that Nelson's cooperation was a "charade" or that Nelson was "stonewalling." There was thus no evidence suggesting that Hamstreet's statements constituted misrepresentations.

There was also no genuine issue of material fact regarding whether Defendants acted with an improper motive. No evidence indicated that their purpose was to inflict injury on Nelson "as such." *See Volm v. Legacy Health Sys., Inc.,* 237 F.Supp.2d 1166, 1176 (D.Or.2002). As the district court recognized, Defendants' financial interest standing alone did not constitute an improper motive for purposes of an interference claim. *See Koch v. Mut. of Enumclaw Ins. Co.,* 108 Wash.App. 500, 31 P.3d 698, 702 (2001); *see also Birkenwald Distrib. Co. v. Heublein, Inc.,* 55 Wash. App. 1, 776 P.2d 721, 727 (1989) ("Asserting one's rights to maximize economic interests does not create an inference of ill will or improper purpose."). Summary judgment was therefore appropriate.

For the reasons set forth above, the judgment of the district court is **AFFIRMED.**